**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BIGFOOT 4x4, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 22-cv-6758 |
| | ) | |
| | ) | Honorable Martha M. Pacold |
| The Individuals, Corporations, Limited | ) | |
| Liability Companies, Partnerships, and | ) | |
| Unincorporated Associations Identified on | ) | |
| Schedule A Hereto | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL SERVICE OF SEALED DOCUMENTS**

Defendants Shenzhen Daoen Model Technology Co., Ltd.; Shenzhen Aoxinfa

Technology Co., Ltd.; and Shenzhen Tianqinli Technology Co., Ltd. (collectively, the "Daoen

Defendants") submit this Memorandum in support of their Motion to Compel Service of Sealed

Documents respectfully moving this Court to compel Bigfoot 4x4, Inc. ("Bigfoot" or "Plaintiff")

to serve ECF Numbers 7 and 12–16 and any other sealed filings Bigfoot has not served

(collectively, the "Requested Documents"), in their entirety.

I.      **INTRODUCTION**

Bigfoot filed several key documents under seal, but inexplicably refuses to serve them in

their entirety to the Daoen Defendants. These include (1) the list of other defendants that Bigfoot

claims conspire with the Daoen Defendants in a counterfeiting operation, and (2) screenshots of

all the defendants' online storefronts, which allegedly show the defendants are all interrelated.

Bigfoot's reason for refusing to serve the documents? It thinks counsel will "use them to drum

up business in these matters" and it does not want to "tip[] off the defendants in this case that

[Bigfoot has] filed a TRO against them[.]" This is problematic for several reasons. First, this is an obvious violation of the Local Rules and the Federal Rules of Civil Procedure. Under Federal Rules of Civil Procedure 4 and 5, Bigfoot must serve *all* pleadings and motion papers on the defendants—not pleadings and papers of its choice. Second, Bigfoot's excuses for not serving these documents contradict its entire basis for filing this case *ex parte* against over 150 defendants: that all the defendants are in cahoots and in "constant communication with each other." If that were true, concealing the defendants' identities from each other would be futile.

But Bigfoot's allegations apparently are not the result of a thorough, defendant-by-defendant pre-suit investigation. Instead, Bigfoot's Complaint is a hasty cut-and-paste job that parrots the same allegations that appear in *hundreds* of Schedule A cases in this District. Specifically, between Bigfoot and its counsel, they have filed *hundreds* of Schedule A cases with this Court since 2019, accusing thousands of different defendants with the exact same conduct.[1] The strategy appears to be: secure an *ex parte* TRO based on generic accusations; freeze the defendants' money in their online storefronts; refuse to serve the defendants; and then extort a quick settlement. Not surprisingly, it appears that refusing to serve their sealed filings is a routine play from Bigfoot counsel's Schedule A playbook.[2] Bigfoot's scheme is designed to make defendants fight blindfolded, while Bigfoot seeks swift injunctive relief. The Federal Rules, however, are not optional. Bigfoot and its counsel do not have the discretion to withhold documents. Complete service thus must be compelled.

---

[1] *See* Case No. 1:2022cv04191, filed August 10, 2022; Case No. 1:2022cv04220, filed August 11, 2022 with 205 defendants; Case No. 1:2022cv04257, filed August 12, 2022 with 200 defendants; Case No.1:2022cv04976, filed September 14, 2022 with 203 defendants; Case No. 1:2022cv05743, filed October 19, 2022; Case No. 1:2022cv06410, filed November 16, 2022; Case No. 1:2022cv06721, filed December 1, 2022 with 177 defendants; Case No. 1:2023cv00147, filed January 11, 2023; *see also* Ex. A for list of Schedule A cases filed by Bigfoot's counsel since 2019
[2] *See, e.g.,* Case No. 1:2020cv07212, filed May 25, 2021, Dkt. Nos. 57, 60.

## II.     ARGUMENT

Under Rule 4, "[a] summons must be served with a copy of the complaint." Fed. R. Civ.

P. 4. Under Rule 5, a written motion "must be served on every party."[3] *Id.* at 5(a)(1). Under the

Local Rules, "Any sealed document served on any other party … ***must be a complete version***,

without any redactions made to create the public-record version unless otherwise ordered for

good cause shown." LR 26.2(e). And "[w]here evidentiary matter, in addition to affidavits

permitted or required under Rules 5 or 6 of the Federal Rules of Civil Procedure, will be

submitted in support of a motion, copies thereof shall be served with the notice of motion." LR

78.4. Put simply, if a party files a pleading or motion, it must serve the other parties with

***complete*** versions of the filing and supporting evidence. These rules are neither ambiguous nor

optional. Bigfoot must serve each document it has filed.

Nevertheless, Bigfoot refuses to serve the complete "evidence" purportedly supporting

Bigfoot's Complaint and Motions,[4] including the Schedule A list of defendants (ECF No. 7) and

several exhibits it filed under seal purporting to show the defendants' online shop fronts (ECF

Nos. 12–16). Although the Sealed Temporary Restraining Order (ECF No. 21) includes a

Schedule A listing, which the Daoen Defendants have received, Defendants have still not been

served with an original copy of the Schedule A filing. As for the exhibits showing the

defendants' storefronts, the Daoen Defendants have not seen them.

The withheld documents are clearly relevant. Bigfoot makes sweeping allegations in its

Complaint, like all 150 "Defendant Internet Stores share unique identifiers, such as design

elements and similarities of the counterfeit products offered for sale," "some of the Defendants'

---

[3] The exception in FRCP Rule 5 for *ex parte* written motions does not apply here as Plaintiff incorporated
the Requested Documents into its Motion for Preliminary Injunction ("PI"). (ECF No. 27, p. 2.)
[4] "Motions" refers to Bigfoot's Motion for TRO (ECF No. 10) and Motion for Preliminary Injunction
(ECF No. 26).

websites have identical layouts," and "the counterfeit products for sale in the Defendants'

Internet Stores bear similarities and indicia of being related to one another, suggesting that the

counterfeit products were manufactured by a common source and that Defendants are

interrelated." (ECF No. 1 at ¶¶ 16–27.)

Bigfoot also filed a motion for TRO the same day it filed its Complaint, which generally

repeated the same allegations in the Complaint, but also included a declaration with sealed

"screenshot printouts showing the active Defendant Internet Stores." (ECF Nos. 11-1, ¶ 10.)

When this Court granted Bigfoot's motion for TRO, it referenced this "screenshot evidence."

(ECF No. 21.) Between the Complaint and motion for TRO, the only factual allegations directed

toward conduct of any specific defendant was contained in these exhibits (ECF Nos. 1, 11–16),

which are the exhibits Bigfoot refuses to produce. Not only are the Daoen Defendants entitled to

assess Bigfoot's allegations in light of this purported evidence, but the Court noted that "there

may be reason to question both the ***propriety of the joinder of all defendants*** in this one action"

and that "[i]f any defendant appears and objects, the court will revisit the asset freeze and

joinder." (*Id.*, p. 1) (emphasis added). The Daoen Defendants are also entitled to the screenshot

evidence to assess whether joinder is appropriate.

Bigfoot's reasons for withholding these documents are not based in law; rather, they

show an intent to undermine the Daoen Defendants' attempt to defend itself. The Daoen

Defendants asked Bigfoot for the Requested Documents at least five times, including on

December 16, 19, 22, 29, and January 17. (ECF No. 31, Ex. A-1; ECF No. 42-1; Ex. B, 1-20-23

Email Thread.) Initially, Bigfoot provided no excuse for withholding the Requested Documents

and simply told the Daoen Defendants they are "waiting to receive the account and sales

information from the platform" and that "[a]s soon as we receive this information, we will

provide you with a settlement demand." (ECF No. 31, Ex. A-1). The excuses Bigfoot eventually

provided were no better:

- "We generally do not provide counsel with copies of the Schedule A because they

  frequently use them to drum up business in these matters." (ECF No. 42-1.)

- "We generally do not provide information that could be used identify [sic] the

  defendants in our cases to counsel until we can confirm that the platforms have

  enacted a freeze on their accounts." (*Id.*)

- "We request [a protective order[5] or to redact the documents] to prevent tipping off

  the defendants in this case that we have filed a TRO against them[.]" (Ex. B, 1-

  20-23 Email Thread.)

None of these give Bigfoot a basis to withhold documents it has filed with the Court. To

date, the Daoen Defendants (and likely each of the over 150 defendants) have not received or

been able to access the Exhibits to the Trent Declaration (ECF Nos. 12–16) or the Schedule A

listing.[6] Bigfoot and its counsel do not get to write their own rules. The Federal Rules of Civil

Procedure apply to all parties. The Daoen Defendants thus respectfully request that the Court

Order Bigfoot to serve the Requested Documents:

- ECF No. 7 (Schedule A);

- ECR Nos. 12–16 (Exhibits to Trent Declaration); and

- Any other documents it has filed with this Court that are not publicly accessible

  through the ECF.

---

[5] The Daoen Defendants have requested a protective order multiple times from Bigfoot, but Bigfoot has not provided one. (*See*, *e.g.*, ECF No. 42-1, 1-17 Tucker Email.)
[6] The Sealed Temporary Restraining Order (ECF No. 21) includes a Schedule A listing. However, Defendants have still not be served with an original copy of the Schedule A filing.

### III.    CONCLUSION

Bigfoot procured an Amazon account freeze on the Daoen Defendants while withholding documents it has filed with this Court that purportedly support its requested relief. This is clear violation of Federal Rules of Civil Procedure 4 and 5. Accordingly, the Daoen Defendants respectfully request that this Court compel Bigfoot to serve ECF Nos. 7 and 12–16.

Date: February 7, 2023                                     Respectfully submitted,

*/s/ Todd R. Tucker*

Todd R. Tucker (0065617)
ttucker@calfee.com
Yizhou Liu (0093842)
bliu@calfee.com
Andrew W. Alexander (0091167)
aalexander@calfee.com
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
(216) 622-8200 (Telephone)
(216) 241-0816 (Facsimile)

Steven P. Mandell (6183729)
smandell@mandellmenkes.com
Mandell Menkes LLC
333 W. Wacker Drive, Suite 450
Chicago, IL 60606
(312) 251-1001 (Telephone)

*Attorneys for Defendants Shenzhen Daoen Model Technology Co., Ltd., Shenzhen Aoxinfa Technology Co., Ltd., and Shenzhen Tianqinli Technology Co., Ltd.*

**CERTIFICATE OF COMPLIANCE WITH LR 37.2**

I hereby certify that counsel for the Daoen Defendants have conferred on several occasions via email in an attempt to resolve this dispute, including on December 16, 19, 22, 29, and January 17. Counsel for the Daoen Defendants also attempted but was unable to reach counsel for Bigfoot by telephone on December 16, 2022. The Daoen Defendants have in good faith tried to resolve this dispute, but these attempts have been unsuccessful due to no fault of counsel's.

/s/ Todd R. Tucker
One of the attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2023, the foregoing was served upon counsel of record by virtue of the Court's electronic filing system.

/s/ Todd R. Tucker
One of the attorneys for Defendants