## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BIGFOOT 4x4, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:22-cv-06758 |
| | ) | |
| | ) | Honorable Martha M. Pacold |
| The Individuals, Corporations, Limited | ) | |
| Liability Companies, Partnerships, and | ) | Magistrate Judge Jeffrey T. Gilbert |
| Unincorporated Associations Identified on | ) | |
| Schedule A Hereto | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR COSTS, EXPENSES, AND FEES

Defendants Shenzhen Daoen Model Technology Co., Ltd.; Shenzhen Aoxinfa Technology Co., Ltd.; and Shenzhen Tianqinli Technology Co., Ltd. (collectively, the "Daoen Defendants") submit this Memorandum in support of their Motion for Costs, Expenses, and Fees.

## I.      INTRODUCTION

Bigfoot refused to serve the Daoen Defendants with several documents it filed under seal (ECF Nos. 7, 12–16; "the Requested Documents"). Without another way to access the Requested Documents, which included purported evidence relevant to Bigfoot's claims, the Daoen Defendants had to move to compel them after multiple rejected requests that they be produced. (*See* ECF Nos. 50, 51.) On the very day its opposition to the motion to compel was due, Bigfoot quietly produced the withheld documents. By producing the documents instead of opposing the motion, Bigfoot tacitly admitted it had no basis for improperly withholding the documents, that the motion to compel was necessary to force Bigfoot to finally produce them, and that Bigfoot thus forced Daoen to waste resources on bringing that motion. This is at least reckless conduct and perhaps calculated gamesmanship. Accordingly, Bigfoot should be held responsible for forcing the drafting and filing of a motion that Bigfoot's own actions demonstrate did not need to be filed. Simply put, Bigfoot should be held liable for the fees, costs, and expenses Daoen incurred in drafting and filing the motion to compel and the present motion.

Bigfoot never provided any legal justification for withholding the documents. Rather, Bigfoot admitted that it was purely a strategic decision to maintain an upper hand over the defendants (Bigfoot did not want the undersigned counsel to contact the other defendants and potentially represent them, and Bigfoot did not want the other defendants "tipped off" that it had filed a TRO against them) by refusing to produce the documents. Without any legal basis to oppose the Daoen Defendants' motion to compel, Bigfoot had to hand over the Requested Documents. But, again, Bigfoot waited to serve them until the deadline for opposing the motion—still providing no legal justification for withholding. (ECF No. 63.)

1

This gamesmanship calls for costs, expenses, and attorneys' fees under 28 U.S.C. § 1927 for "multipl[ying] the proceedings . . . unreasonably and vexatiously" and under this Court's inherent authority to issue sanctions.[1] Bigfoot had no legal right to withhold the Requested Documents, needlessly forced the Daoen Defendants to expend resources drafting and filing a motion to compel, then served the Requested Documents without any opposition or justification at the last possible second. Accordingly, the Daoen Defendants respectfully ask this Court to order Bigfoot or its counsel to pay the Daoen Defendants' costs, expenses, and attorney's fees incurred in connection with their efforts to procure the Requested Documents, including preparation of the motion to compel and memorandum in support (ECF Nos. 50, 51) and the present motion.

## II.  ARGUMENT

The Daoen Defendants should be awarded the fees and costs they incurred related to procuring the improperly withheld Requested Documents. The Federal Rules of Civil Procedure are meant to "secure the ***just, speedy, and inexpensive*** determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A sanction under Section 1927 requires the liable attorney to pay the fees. *See Maneikis v. Jordan*, 678 F.2d 720, 723 (7th Cir. 1982). Moreover, the Court has inherent authority to impose sanctions for bad-faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S.

---

[1] Federal Rule of Civil Procedure 37 similarly provides that a court must "require the party or deponent whose conduct necessitated the motion" to pay the movant's reasonable expenses incurred in making the motion, even "if the disclosure or requested discovery is provided after the motion [to compel] is filed." Fed. R. Civ. P. 37(a)(5)(A).

32, 45 (1991). A sanction under the Court's inherent authority may be directed to the party responsible for the misconduct. Both apply here.

Bigfoot's conduct was unreasonable, vexatious, and in bad faith, thereby warranting fees under both standards. "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Murphy v. Richert*, No. 15 CV 8185, 2022 WL 4079457, at *2 (N.D. Ill. Sep. 6, 2022) (awarding sanctions). Bigfoot filed the Requested Documents under seal with this Court in support of its Complaint (ECF No. 1) and Motion for Entry of Preliminary Injunction (ECF No. 27).[2] The Requested Documents contained purported evidence identifying the other defendants and their storefronts, whom Bigfoot claimed worked with the Daoen Defendants in an interconnected counterfeiting ring. (*See* ECF No. 51, pp. 3–4.) Despite Federal Rules of Civil Procedure 4 and 5 unequivocally requiring service of these documents, Bigfoot withheld them. (*Id.* at 3.) This was no accident. Bigfoot's refusal to serve these documents was intentional and strategic, demonstrating bad faith. The Daoen Defendants requested these documents no less than five times. (*See id.* at pp. 4–5.) Yet, Bigfoot rebuffed the Daoen Defendants' each time, reasoning that it did not want the undersigned counsel to "drum up business in these matters" and that Bigfoot wanted to "prevent tipping off the defendants in this case that we have filed a TRO against them[.]" (*Id.*) *Bigfoot and its attorneys have absolutely no right to make this unilateral decision to withhold, which contravenes this Court's procedural rules designed to give all litigants full and fair opportunity to run their respective case.* This conduct is objectively unreasonable, vexatious, and in bad faith.

---

[2] Bigfoot incorporated its "Memorandum in Support of Temporary Restraining Order and attachments filed December 2, 2022 [Dkt. No. 11]" into its Memorandum of Law in Support of Plaintiff's Motion for Entry of a Preliminary Injunction Against Defendants. (*See* ECF No. 27, p. 3.)

Moreover, Bigfoot's misconduct directly caused the excess fees and costs the Daoen Defendants now seek. *see Murphy*, 2022 WL 4079457, at \*2 (requiring a causal connection between misconduct and fees sanction). The Daoen Defendants were forced to needlessly expend resources repeatedly asking for the Requested Documents and then ultimately filing a motion to compel (ECF No. 50). Unsurprisingly (since there was no legal basis to withhold these documents), ***Bigfoot neither opposed nor denied anything in the Daoen Defendants' motion to compel—and provided no basis or excuse for its conduct***. (*See* ECF No. 63.) Instead, Bigfoot served the Requested Documents on the very day its opposition was due and filed a response effectively admitting that Bigfoot withheld the Requested Documents to undermine the defendants' ability to defend themselves. (*See* ECF No. 51, p. 4 (*see* the Daoen Defendants' now uncontroverted statement that Bigfoot "show[ed] an intent to undermine the Daoen Defendants' attempt to defend itself.).) The Daoen Defendants should never have had to fight for the Requested Documents—it was a needless expense caused by Bigfoot's misconduct.

In *Wade v. Soo Line R.R. Corp.*, the Seventh Circuit upheld fee shifting where a party purposely withheld documents, citing both Section 1927 and the Court's inherent authority as independent bases for awarding the fees. 500 F.3d 559, 565 (7th Cir. 2007). As in *Wade*, Bigfoot "didn't assert a privilege or even say that the documents had been withheld by mistake." *Id.* The reasoning in *Wade* and the purpose behind Section 1927 and the Court's inherent authority all apply here and warrant an award of fees and costs. *See also Rodgers v. Lowe's Home Centers, Inc.*, No. 05 C 0502, 2007 WL 257714, at \*12 (N.D. Ill. Jan. 30, 2007) (awarding fees incurred in bringing motion); *Reddick v. Bloomingdale Police Officers*, No. 96 C 1109, 2003 WL 1733560, at \*17 (N.D. Ill. Apr. 1, 2003) (awarding fees incurred in discovery misconduct, citing the court's inherent authority); *Lina Dou v. Carillon Tower/Chicago LP*, No. 18 CV 7865, 2020

WL 3036002, at *7 (N.D. Ill. June 5, 2020) (awarding fees related to moving for sanctions and additional fines where party failed to produce discovery, citing inherent authority). This is exactly the case here. Bigfoot and its counsel should not be allowed to flaunt the Federal Rules of Civil Procedure to garner tactical benefit.

## III.  CONCLUSION

There was no justification for Bigfoot to withhold the Requested Documents other than to vex or oppress the Daoen Defendants. Not only was there no reason for Bigfoot's conduct, withholding the Requested Documents violated the Federal Rules of Civil Procedure Accordingly, the Daoen Defendants respectfully request that this Court order Bigfoot or Bigfoot's counsel to pay the Daoen Defendants' costs, expenses, and fees incurred by Bigfoot's unreasonable and vexatious conduct, including preparing and filing their motion to compel and memorandum in support (ECF Nos. 50, 51) and the present motion.

Date: March 1, 2023                                  Respectfully submitted,


                                    /s/ Todd R. Tucker
                                    Todd R. Tucker (0065617)
                                    ttucker@calfee.com
                                    Yizhou Liu (0093842)
                                    bliu@calfee.com
                                    Andrew W. Alexander (0091167)
                                    aalexander@calfee.com
                                    Calfee, Halter & Griswold LLP
                                    The Calfee Building
                                    1405 East Sixth Street
                                    Cleveland, Ohio 44114
                                    (216) 622-8200 (Telephone)
                                    (216) 241-0816 (Facsimile)

                                    Steven P. Mandell (6183729)
                                    smandell@mandellmenkes.com
                                    Mandell Menkes LLC
                                    333 W. Wacker Drive, Suite 450

Chicago, IL 60606
(312) 251-1001 (Telephone)

*Attorneys for Defendants Shenzhen Daoen*
*Model Technology Co., Ltd., Shenzhen Aoxinfa*
*Technology Co., Ltd., and Shenzhen Tianqinli*
*Technology Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, the foregoing was served upon counsel of record by virtue of the Court's electronic filing system.

/s/ Todd R. Tucker
One of the attorneys for Defendants