IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIGFOOT 4x4, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:22-CV-06758 |
| ) | |
| THE INDIVIDUALS, ) | Magistrate Judge Jeffrey T. Gilbert |
| CORPORATIONS, LIMITED ) | |
| LIABILITY COMPANIES, ) | |
| PARTNERSHIPS, and ) | |
| UNINCORPORATED ) | |
| ASSOCIATIONS IDENTIFIED ON ) | |
| SCHEDULE A HERETO, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court at the instance of Defendants Shenzhen Daeon Model Technology Co., Ltd., Shenzhen Aoxinfa Technology Co., Ltd., and Shenzhen Tianqinli Technology Co., Ltd. (collectively, the "Daeon Defendants") on their Motion for Costs, Expenses, and Fees [ECF No. 69] ("Motion for Fees"), Itemization of Fees Being Requested in Motion for Costs, Expenses, and Fees (Dkt. #69) [ECF No. 125 ("Fee Itemization for Motion for Fees"), and Itemization of Fees Being Requested in Motion to Compel Responses to Discovery Requests and for Fees (Dkt. #99) [ECF No. 126] ("Fee Itemization for Motion to Compel"). For the reasons discussed below, the Court grants in part and denies in part Defendants' Motion for Fees [ECF No. 69], grants in part and denies in part Defendants' Fee Itemization for Motion for Fees [ECF No. 125], and grants in part and denies in part Defendants' Fee Itemization for Motion to Compel [ECF No. 126].

1

I. **Daeon Defendants' Motion for Fees [ECF No. 69].**

The Daeon Defendants' Motion for Fees [ECF No. 69] seeks an award of "the fees, costs, and expenses Daeon incurred in drafting and filing" a previously filed motion to compel (the Daeon Defendants' Motion to Compel Service of Sealed Documents [ECF No. 50] ("Motion to Compel Service")), as well as the fees and costs incurred in filing the Motion for Fees related to that underlying motion to compel. *See* Memorandum in Support of Defendants' Motion for Costs, Expenses, and Fees [ECF No. 70] at 1 ("Memorandum for Motion for Fees"). Specifically, in the Memorandum for Motion for Fees, the Daeon Defendants argue Plaintiff failed to produce, upon the Daeon Defendants' request, documents it had filed under seal with its Complaint, the Daeon Defendants were forced to file a motion to compel production of those sealed documents, and Plaintiff ultimately produced the sealed documents on the eve of when its response to the motion to compel was due. [ECF No. 70] at 1-2. The Daeon Defendants say this "gamesmanship calls for costs, expenses, and attorneys' fees under 28 U.S.C. § 1927" and "under this Court's inherent authority to issue sanctions." [*Id.*] at 2. The Daeon Defendants also note in a footnote that "Federal Rule of Civil Procedure 37 similarly provides that a court must 'require the party or deponent whose conduct necessitated the motion' to pay the movant's reasonable expenses incurred in making the motion, even 'if the disclosure or requested discovery is provided after the motion [to compel] is filed." [*Id.*] at 2 n.1 (citing Fed. R. Civ. P. 37(a)(5)(A)).

The Court agrees with the Daeon Defendants that Rule 37(a)(5)(A) provides a basis to recover attorneys' fees related to the Motion to Compel Service [ECF No. 50].[1] Rule 37 generally addresses circumstances when "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Rule 37(a)(5) provides for when an award of the moving party's fees and expenses in bringing such a discovery motion is warranted: "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . ." (subject to certain exceptions the parties do not address and which do not appear to the Court to be applicable here). *See* Fed. R. Civ. P. 37(a)(5)(A). Other than a passing reference to Rule 37 in a footnote, however, the Daeon Defendants base their claim for fees on 28 U.S.C. § 1927 and the Court's inherent authority. Plaintiff also do not address whether the Daeon Defendants are entitled to fees pursuant to Rule 37(a)(5)(A). *See* Plaintiff's Response to Defendants' Motion for Costs, Expenses and Fees [ECF No. 91].

While a district court is not "forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under . .

---

[1] The Court denied the Motion to Compel Service [ECF No. 50] as moot because the documents sought had been produced. [ECF No. 109]. Nevertheless, as noted above, Rule 37(a)(5) also contemplates a reasonable fee award when the "requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A).

3

. the Rules" the Supreme Court has cautioned that ". . . when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991); *see also Reddick v. Bloomingdale Police Officers*, 2003 WL 1733560, at *9 (N.D. Ill. Apr. 1, 2003) (noting court's "inherent power 'can be invoked even if procedural rules exist which sanction the same conduct'" but also acknowledging the Supreme Court in *Chambers* stated the preferred course is to address sanctions under the Rules where adequately addressed).[2]

Rule 37(a)(5)(A) is adequate to address the Daeon Defendants' request for attorneys' fees related to the filing of a motion to compel. Although the Daeon Defendants describe asserted bad faith conduct by Plaintiff, that conduct is still related to the underlying discovery motion (*i.e.*, Plaintiff's failure to timely produce sealed documents attached to its Complaint). *See* Memorandum for Motion for Fees [ECF No. 70]. The attorneys' fees sought in the Motion for Fees are encompassed by the scope of what could be awarded pursuant to Rule 37(a)(5)(A). *See* [*id.*] at 2, 5 (seeking award of "costs, expenses, and attorney's fees" related to "preparation of the motion to compel" and "the present motion" for fees). In the Court's view, the Daeon Defendants' decision to file a motion addressing their request for fees pursuant to 28 U.S.C. § 1927 and the Court's inherent authority was inefficient and unreasonable,

---

[2] The Court notes that although the Daeon Defendants cite both *Chambers* and *Reddick* in their Memorandum for Motion for Fees, [ECF No. 70], they do not address the above-referenced discussions.

4

including because it had the effect of nearly doubling the amount of the attorneys' fees now sought by the Daeon Defendants in the Fee Itemization for Motion for Fees [ECF No. 125]. *See also* Reply Memorandum in Support of the Daeon Defendants' Motion for Costs, Expenses, and Fees [ECF No. 93] at 7 (estimating "the costs and fees it has expended in relation to . . . Daoen's repeated requests to Bigfoot to serve the sealed documents, its preparation and filing its Motion to Compel and Memorandum in Support, and the present Motion for Fees and Reply Memorandum" to be "approximately $30,000"). *Cf. Fleury v. Union Pac. R.R. Co.*, 2023 WL 8621957, at *6 (N.D. Ill. Dec. 13, 2023) (collecting cases affirming a court's broad discretion to determine the reasonableness of attorneys' fees awards pursuant to Rule 37(a)(5)).[3]

For these reasons, the Court grants in part the Motion for Fees [ECF No. 69] with respect to the Daeon Defendants' attorneys' fees related to filing the Motion to Compel Service pursuant to Rule 37(a)(5)(A), but denies the Motion for Fees [ECF No. 69] with respect to the request for attorneys' fees and expenses related to the filing of the Motion for Fees itself.[4]

---

[3] To that end, the Court observes the Daeon Defendants succinctly raised their subsequent request for attorneys' fees incurred in filing another motion to compel pursuant to Rule 37(a)(5). *See* Memorandum in Support of Daeon Defendants' Opposed Motion to Compel Responses to Discovery Requests and for Fees [ECF No. 100] at 3, 5-6.

[4] The Court's granting of the Motion for Fees in part as to fees related to the Motion to Compel Service [ECF No. 50] is within the scope of a magistrate judge's authority in the context of a discovery referral such as this and moots the Daeon Defendants' request for those same fees pursuant to either 28 U.S.C. § 1927 or the Court's inherent authority. *See, e.g., Stratford Ins. Co. v. Shorewood Forest Utilities, Inc.*, 2024 WL 773612, at *6 (N.D. Ind. Feb. 23, 2024) ("the more sensible reading of Rule 37(a)(5) is that it is a fee-shifting provision inextricably intertwined with the indisputably non-dispositive matter of the underlying discovery ruling, and therefore well within the authority of the magistrate judge to whom non-dispositive matters have been referred."); *Cage v. Harper*, 2020 WL 1248685, at *1 (N.D. Ill. Mar. 16, 2020) (". . . 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure

## II.  Daeon Defendants' Fee Itemizations

As the party seeking fees, the Daeon Defendants bear the burden of proving the reasonableness of the fees sought. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1980). The determination of a request for fees under Rule 37(a)(5) is subject to the Court's discretion. *See In re Broiler Chicken Antitrust Litigation*, 2017 WL 3391698, at *9 (N.D. Ill. Aug. 7, 2017) (Gilbert, J.) ("District courts have broad discretion in supervising discovery, including deciding whether and how to sanction such misconduct, for they are much closer to the management of the case and the host of intangible and equitable factors that may be relevant in exercising such discretion.") (citing *Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012)).

The starting point for the determination of a reasonable attorney's fee is the calculation of the lodestar—the number of hours reasonably expended on the motion multiplied by a reasonable hourly rate. *See Hensley*, 461 U.S. at 433; *Pickett v. Sheridan Health Care*, 664 F.3d 632, 639-640 (7th Cir. 2011). The Seventh Circuit has defined a reasonable hourly rate as one that is "derived from the market rate for the services rendered." *Pickett*, 664 F.3d at 640 (quoting *Denis v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003)). If a party seeking fees does not satisfy its burden, the court

---

empower a magistrate judge to order Rule 37 attorney's fees and costs"). In the Court's view, the Daeon Defendants' request for attorneys' fees for the Motion for Fees is similarly encompassed within the authority of a magistrate judge under these circumstances and, as discussed above, the Court denies that request for additional fees. To the extent it is deemed necessary for me to couch my ruling as a report and recommendation, however, and for the avoidance of any doubt, I would recommend the District Court deny the request for additional attorneys' fees related to the filing of the Motion for Fees under 28 U.S.C. § 1927 and the Court's inherent authority for the reasons stated above. *See Pable v. Chicago Transit Auth.*, 2023 WL 2333414, at *37 (N.D. Ill. Mar. 2, 2023) (issuing Report and Recommendation on a motion for sanctions under 28 U.S.C. § 1927).

has the authority to make its own determination of a reasonable rate. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999). A court may adjust the award based on factors including "the complexity of the legal issues involved" and "the degree of success obtained." *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010); *see also Hensley*, 461 U.S. at 430 n.3.

### a. Fee Itemization for Motion for Fees [ECF No. 125].

Turning first to the Daeon Defendants' Fee Itemization for Motion for Fees [ECF No. 125], the Court considers the reasonableness of the requested fees only as related to the filing of the Motion to Compel Service [ECF No. 50] because the Court denied the Daeon Defendants' request for additional fees for the Motion for Fees itself [ECF No. 69]. *See also* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion.").

First, with respect to the attorneys' hourly rates, Plaintiff does not dispute the reasonableness of the rate charged by any of the Daeon Defendants' attorneys other than Mr. Tucker. As to Mr. Tucker's $880 hourly rate, although the Daeon Defendants do not address the reasonableness of their attorneys' hourly rates in the Fee Itemization, they respond to Plaintiff's challenge to Mr. Tucker's rate in their Reply by providing a declaration from Mr. Tucker attesting to the reasonableness of the rates charged by each of the Daeon Defendants' attorneys, stating he has more than 28 years of experience practicing as an attorney in Ohio, representing that the rates in the Fee Itemizations were used in the actual bills issued to the clients, and noting the client paid all invoices incorporating the fees at issue (subject to a ten

7

percent billing discount that was agreed at the outset of the litigation). *See* Daeon Defendants' Reply in Support of their Itemization of Fees [ECF No. 138] ("Fee Itemization Reply") at 5-6; Declaration of Todd R. Tucker [ECF No. 138-1]. The ten percent discount would effectively reduce Mr. Tucker's hourly rate to under $800 an hour.[5]

Both parties appear to agree that the best evidence of whether fees are reasonable is whether a party has paid them. *See* Plaintiff's Response to Defendants' Motion for Costs, Expenses and Fees [Dkt. No. 69] and Motion to Compel Responses to Discovery Requests and For Fees [Dkt. No. 99], [ECF No. 134] ("Plaintiff's Response") at 3 (citing *Cinta Corp. v. Perry*, 517 F.3d 459, 469 (7th Cir. 2008)); Fee Itemization Reply [ECF No. 138] at 9; *see also Philips Med. Sys. (Cleveland), Inc. v. Buan*, 2024 WL 216673, at *2 (N.D. Ill. Jan. 19, 2024). Given the evidence that Defendants were billed the cited rates for all their attorneys, paid those invoices subject to a global ten percent discount, and in light of Mr. Tucker's many years of practice, the Court agrees that Mr. Tucker's rate, as well as the rates of the other Daeon Defendants' attorneys, are reasonable.[6]

---

[5] The Court interprets the Daeon Defendants' counsel's explanation of the fees billed to Defendants to mean that the amounts reflected in the Fee Itemizations addressed in this Memorandum Opinion and Order are before application of the ten percent billing discount. If that interpretation is incorrect, then the Daeon Defendants should inform the Court of that fact in an appropriate filing and the Court will amend this Memorandum Opinion and Order accordingly.

[6] As the Daeon Defendants point out in their Reply, Plaintiff also misrepresents the outcome in *Motorola Solutions, Inc. et al. v. Hytera Communications Corporation Ltd.*, 17-cv-1973 (October 15, 2021) [Dkt. No. 1250 (Norgle, J.). [ECF No. 138] at 5-6. The court declined to decrease the attorneys' hourly rate in that case based on suggested hourly rates from the American Intellectual Property Law association ("AIPLA"). *See* Exhibit B, *Motorola Solutions, Inc.* Decision [ECF No. 138-2]. Plaintiff also does not specifically explain why

Second, as to the reasonableness of the amount of time spent on the Motion to Compel Service, the Court agrees with Plaintiff that the Daeon Defendants' task descriptions are insufficiently detailed to permit the Court to properly assess this issue. *See* Plaintiff's Response [ECF No. 134] at 3.[7] "[W]hen the time records do not describe tasks with particularity, and do not reveal the amount of time claimed to have been spent on each particular task, the judge is in no position to make a reasonable estimate of the amount of time that should have been required." *See Bretford Mfg., Inc. v. Smith Sys. Mfg. Co.*, 421 F. Supp. 2d 1117, 1119 (N.D. Ill. 2006); *see also Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

The Fee Itemization for Motion for Fees groups the total number of hours worked on multiple filings (*e.g.*, the motion to compel and the memorandum in support), groups time spent on distinct tasks, such as researching and drafting, and provides only a total number of hours spent by each attorney rather than segregating the time for each specific task. [ECF No. 125]. For example, the itemization reports

---

reducing Mr. Tucker's hourly rate from $880 to $550 would be consistent with AIPLA rates or otherwise more accurately reflect market rates. The Daeon Defendants also note in their Reply that the average hourly rate charged for preparation of these motions is below the amounts charged by the third quartile of attorneys at similarly sized law firms practicing in intellectual property law, as reflected in AIPLA data. [ECF No.138] at 6 n.7.

[7] The Court is troubled by Plaintiff's unilateral decision to delay filing its Response to the Fee Itemizations, notwithstanding that the Court had not yet granted Plaintiff's Opposed Motion for a Third Extension of Time, [ECF No. 131]. Nevertheless, while the Daeon Defendants argue the Plaintiff's Response was untimely, they do not otherwise support their request that the Court deem all of Plaintiff's responses and objections to the Fee Itemizations to be waived and the Daeon Defendants do not say they were prejudiced by this one week filing delay (filing on September 18, 2023 instead of September 12, 2023). Accordingly, the Court grants the Plaintiff's motion for extension of time *nunc pro tunc*.

9

John Reulbach, a "Senior Attorney," spent 15.6 hours on a variety of tasks including legal research, preparation of the first draft of the motion, and preparation of the first draft of a memorandum. [*Id.*] The itemization also reports that Andrew Alexander, a "Junior Partner," spent an additional 9.4 hours preparing the final drafts of these two filings. [*Id.*] Finally, the itemization states Todd Tucker, a "Senior Partner," spent 7.7 hours engaged in a "final review" of the two filings as well as "further revisions" to the memorandum. [*Id.*]

The Court could deny the Fee Itemization's request for fees solely because of the inadequate support provided by the Daeon Defendants. *See In re Broiler Chicken Antitrust Litigation*, 2017 WL 3391698, at n.7 ("Rule 37(a)(5) maintains 'a necessary flexibility' and ensures that the court's discretion to award or not award fees is not significantly restricted.") (citing Fed. R. Civ. P. 37(a)(4) advisory committee's note (1970)); *see also Seaga Mfg., Inc. v. Intermatic Mfg. Ltd.*, 2013 WL 3672964, at *4 (N.D. Ill. July 12, 2013) (where "motion is granted in part and denied in part, the Court retains discretion to impose attorneys' fees as a sanction," citing Fed. R. Civ. P. 37(a)(5)(C)). In its discretion, however, the Court will not do so because in its view the Daeon Defendants are entitled to some portion of their fees for the Motion to Compel Service [ECF No. 50].

As an initial matter, the Court finds it unreasonable that three attorneys worked on the Motion to Compel Service [ECF No. 50]. *See* [ECF No. 125]. The straightforward issues raised in this motion were addressed in a brief, five-page memorandum that cited no legal authority beyond the Federal Rules of Civil

10

Procedure. *See* Memorandum in Support of Motion to Compel Service [ECF No. 51]. In the Court's view, it was not reasonable for three attorneys to have spent over 32 combined hours on a relatively simple motion.

In response to Plaintiff's objections about the excessive time spent on this motion, the Daeon Defendants say Mr. Reulbach's over 15 hours of time was needed to review "many Schedule A cases filed by Bigfoot" to determine whether Plaintiff "employed similar schemes" by failing to serve sealed documents, and to do legal research notwithstanding that ultimately no relevant case law was cited. *See* Fee Itemization Reply [ECF No. 138] at 2. The Memorandum in Support of the Motion to Compel Service does contain two footnotes referring to other Schedule A cases filed by Plaintiff and says Plaintiff's refusal to serve sealed filings was "a routine play from Bigfoot counsel's Schedule A playbook." [ECF No. 51] at 2, n.1 & n.2. The Daeon Defendants do not say how much of Mr. Reulbach's 15.6 hours was spent reviewing Bigfoot's prior filings as compared to other described tasks, although they appear to assert he spent a significant portion of his time on this research. [*Id.*] Nevertheless, in the Court's view, the Daeon Defendants have not demonstrated this amount of time researching Plaintiff's other filings was an endeavor that was reasonable and necessary to this motion, particularly as that information was ultimately relegated to two footnotes. The Daeon Defendants do not otherwise attempt to justify the 15.6 hours spent by Mr. Ruelbach as reasonable and instead agree with Plaintiff that the issue addressed in the motion was not complex. *See* Fee Itemization Reply [ECF No. 138] at 3-4 & n.3. In the Court's discretion, it therefore discounts Mr. Reulbach's total

11

time to two hours for preparing "first drafts" and any research related to the two footnotes (two hours at Mr. Reulbach's rate of $425/hour is $850).[8]

With respect to Mr. Alexander's 9.4 hours preparing the final drafts of the filings, however, Plaintiff does not provide a sufficient basis for further discounting that time, particularly in light of the Court's substantial discounting of Mr. Reulbach's time preparing the initial drafts. To that end, the Court notes Plaintiff says it would have been reasonable to spend approximately 11 hours of time preparing and drafting these filings, which is similar to the 11.4 hours the Court finds reasonable as divided between Mr. Reulbach and Mr. Alexander. *See* Plaintiff's Response [ECF No. 134] at 4-6. Accordingly, the Court finds the requested fees for 9.4 hours of Mr. Alexander's time is reasonable (9.4 hours at $510/hourly rate, for a total of $4,794.00). *See* Fee Itemization for Motion for Fees [ECF No. 125].

Finally, while the Daeon Defendants defend Mr. Tucker's $880 hourly rate (addressed above) they do not otherwise explain why it was reasonable for Mr. Tucker, a Senior Partner, to spend 7.7 hours conducting a "final review" of the filings. *See* Fee Itemization Reply [ECF No. 138] at 5-6. The Court agrees with Plaintiff that 7.7 hours for review of these filings is excessive. Accordingly, the Court finds two hours to be a reasonable amount of time for Mr. Tucker to spend on a final review of these filings (two hours at the rate of $880 is a total of $1,760.00).

---

[8] Given that the Daeon Defendants acknowledge the issues in the Motion to Compel Service were not complex, the Court finds their argument that grouping of discrete tasks in billing entries may be justified in certain large and complex cases to be irrelevant. *See* Fee Itemization Reply [ECF No. 138] at 3-4. As discussed above, the Court disagrees that the time descriptions here are sufficiently detailed, including because the motion at issue was relatively straightforward and the amount of time spent appears disproportionate.

In the Court's discretion, based on the analysis above and given the inadequate time records provided by the Daeon Defendants, the Court finds a reasonable amount of fees for the Motion to Compel Service [ECF No. 50] to be $7,404.00. *See Bretford Mfg., Inc.*, 421 F. Supp. 2d at 1119 (collecting cases). As noted above, the Daeon Defendants acknowledge their clients also applied a ten percent discount to all fees billed in this case. *See* Fee Itemization Reply [ECF No. 138] at 9. Accordingly, the Court will also discount the fee award by ten percent, for a total fee award of $6,663.60 for the Motion to Compel Service.[9]

In addition, Rule 37(a)(5) allows a court to order payment of an award of reasonable expenses by a party, its lawyer, or both. *See* Fed. R. Civ. P. 37(a)(5)(A) – (C). In the Court's view, Plaintiff's counsel may bear more responsibility than Plaintiff for the fees awarded for the Motion to Compel Service. It appears it was Plaintiff's counsel that failed to adequately respond to the Daeon Defendants' efforts to obtain the sealed documents sought in the Motion to Compel Service, though admittedly the Court is unaware of what role, if any, Plaintiff itself may have played in that decision process. Accordingly, the Court orders the fees awarded in this opinion to be paid by both Plaintiff and its counsel, though they may agree among themselves who ultimately pays what portion of the total amount awarded. If they

---

[9] The Court notes Plaintiff argues a fee award of $5,395.00 would reflect a reasonable amount of time spent on the Motion to Compel Service. *See* Plaintiff's Response [ECF No. 134] at 6. As noted above, however, the total number of hours Plaintiff contends would have been reasonable (11.8 hours) is similar to that deemed reasonable by the Court (13.4 hours). In the Court's view and as explained above, it is reasonable to credit the hours billed by Mr. Alexander while discounting Mr. Reulbach's excessive time more substantially.

13

cannot agree, then the Court assesses half of the awarded fees against Plaintiff and half against Plaintiff's counsel.

### III. Defendants' Fee Itemization for Motion to Compel [ECF No. 126]

Also before the Court is the Daeon Defendant's Itemization of Fees related to another of Defendants' motions to compel. *See* Fee Itemization for Motion to Compel [ECF No. 126]. The Court granted in part and denied in part Defendants' Motion to Compel Responses to Discovery Requests and for Fees [ECF No. 99] ("Motion to Compel Discovery"). *See* [ECF No. 123]. Specifically, the Court denied the Daeon Defendants' request to deem all of Plaintiff's responses and objections waived, noted Plaintiff improperly delayed service of its responses to the Daeon Defendants' discovery until the date when Plaintiff's response to the Motion to Compel Discovery was filed (July 20, 2023), struck certain of Plaintiff's objections as improper but also noted some of the Daeon Defendants' discovery requests were not appropriately tailored to seek proportional information, and ordered Plaintiff to serve amended responses in accordance with the Court's directives. [ECF No. 123]; *see also* Transcript of Proceedings [ECF No. 135]. With respect to the Daeon Defendants' request for fees for bringing the Motion to Compel Discovery, the Court rejected Plaintiff's argument that its delay in responding to the Daeon Defendants' discovery was warranted given the parties' ongoing settlement negotiations and concluded "this is a situation under Federal Rule of Civil Procedure 37(a)(5) where sanctions are appropriate," but reserved decision as to the amount of a fee award pending the

14

parties' additional submissions. *See* Transcript of Proceedings [ECF No. 135] at 11-13.

For primarily the same reasons addressed above, the Court finds the information provided by the Daeon Defendants in support of their Fee Itemization is inadequate to permit the Court to properly evaluate the reasonableness of the requested fees with respect to its Motion to Compel Discovery [ECF No. 99]. The Fee Itemization for Motion to Compel again groups the total number of hours worked on multiple filings and provides only a total number of hours spent by each attorney rather than segregating the time for specific tasks. [ECF No. 125].

For example, the Fee Itemization reports the first listed attorney, Brian Doney, a "Junior Associate," spent 2.6 hours on "[p]reparation for first draft of section of memorandum in support" but does not explain what work in "preparation for" a draft section entails. Fee Itemization for Motion to Compel [ECF No. 126]. For this reason, the Court declines to award fees for this time. In addition, the Fee Itemization states that Mr. Reulbach spent four hours on "legal research related to Rule 37 sanctions" for the reply brief and "assistance in preparation" of the two drafts. [*Id.*] This description ("assistance in preparation" of drafts) is vague and does not permit the Court to determine whether the time spent on this work was reasonable, particularly where three other attorneys reportedly spent over 20 additional hours drafting and reviewing these briefs. Accordingly, the Court, in its discretion, reduces Mr. Reulbach's time to 2 hours for the legal research on Rule 37 sanctions (2 hours at Mr. Reulbach's hourly rate of $425 is $850).

As was the case with the Motion to Compel Service, in the Court's view, it was not reasonable for four attorneys to work over 26 hours on this brief and relatively straightforward motion. *See* [ECF No. 126]. The Daeon Defendants' briefing on the Motion to Compel Discovery included an initial brief of only five substantive pages citing basic rules and case law, and a seven page reply brief, which also did not cite or analyze extensive legal authority. *See* Memorandum in Support of Motion to Compel Discovery [ECF No. 100]; Daeon Defendants' Reply in Support of Their Motion to Compel [ECF No. 115]. Accordingly, the Court views the 18.7 hours spent by Mr. Alexander as an excessive amount of time given the nature of these filings and reduces his time by one third, for a total of 12.5 hours (12.5 hours at Mr. Alexander's hourly rate of $510 is $6,375.00).

Finally, the Court awards the requested fees for 1.3 hours of Mr. Tucker's time ($1,144) spent on a final review of the reply brief. Setting aside Plaintiff's concerns with Mr. Tucker's rate, addressed above, Plaintiff does not take issue with the amount of Mr. Tucker's time in this instance, *see* Plaintiff's Response [ECF No. 134] at 10.

In the Court's discretion, based on the analysis above, and given the inadequate time records provided by the Daeon Defendants and the fact that the Court granted in part and denied in part the Motion to Compel Discovery [ECF No. 99], *see* Fed. R. Civ. P. 37(a)(5)(C), the Court finds a reasonable amount of fees for that motion to be $8,369.00. As discussed above, the Daeon Defendants applied a ten percent discount to all fees. Accordingly, the Court finds it appropriate to discount

the $8,369.00 to reflect this global fee discount, resulting in a total fee award of $7,532.10 for the Motion to Compel Discovery. As with the other Fee Itemization, the Court does not know the extent to which Plaintiff was involved in the failure to adequately respond to discovery that was addressed in the Motion to Compel Discovery. Accordingly, the Court will similarly order that the fees awarded in this opinion be paid by both Plaintiff and its counsel, though, again, they may agree among themselves who ultimately will pay what portion of the total amount awarded. If they cannot agree among themselves who ultimately pays what portion of the total amount awarded, then the Court assesses half of the awarded fees against Plaintiff and half against its counsel.[10]

For all of the above reasons, Plaintiff's Opposed Motion for a Third Extension of Time [ECF No. 131] is granted *nunc pro tunc*; the Daeon Defendants' Motion for Costs, Expenses, and Fees [ECF No. 69] is granted in part and denied in part; the Daeon Defendants' Itemization of Fees Being Requested in Motion for Costs,

---

[10] The Court notes Plaintiff proffered that a total fee award in the amount of $8,067.50 would reflect a reasonable amount of time spent on the Motion to Compel Discovery. *See* Plaintiff's Response [ECF No. 134] at 11. That amount does not reflect the ten percent fee discount first described in the Daeon Defendants' Reply. When that discount is applied, Plaintiff's proposed fee award, assuming the Court awards fees as it has done, would be $7,260.75, a number that is substantially in line with the Court's award of $7,532.10. In addition, the total number of hours Plaintiff says would have been reasonable (16.9 hours by four different attorneys) is slightly higher than that deemed reasonable by the Court (15.8 hours). In the Court's view, however, it was not reasonable for four attorneys to have worked on this motion. As the Court explained above, the Daeon Defendants have not shown the approximately two hours spent by a fourth attorney as reasonable or necessary for this motion. With those two hours discounted, the total hours Plaintiff proposed aligns with the amount of time found reasonable by the Court. The Court notes, of course, that Plaintiff's proposal was subject to the caveat that the Court find, as it has, that an award of attorneys' fees is appropriate in this case.

Expenses, and Fees (Dkt. #69) [ECF No. 125] is granted in part and the Court awards $6,663.60 to the Daeon Defendants; and the Daeon Defendants' Itemization of Fees Being Requested in Motion to Compel Responses to Discovery Requests and for Fees (Dkt. #99) [ECF No. 126] is granted in part and the Court awards $7,532.10 to the Daeon Defendants. Plaintiff and Plaintiff's counsel will pay Defendants Shenzhen Daeon Model Technology Co., Ltd., Shenzhen Aoxinfa Technology Co., Ltd., and Shenzhen Tianqinli Technology Co., Ltd. the total amount of $14,195.70 on or before April 10, 2024, which is 21 days from the date of this Memorandum Opinion and Order.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 21, 2024