**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BIGFOOT 4x4, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:22-CV-06758 |
| | ) | |
| THE INDIVIDUALS, | ) | Magistrate Judge Jeffrey T. Gilbert |
| CORPORATIONS, LIMITED | ) | |
| LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, and | ) | |
| UNINCORPORATED | ) | |
| ASSOCIATIONS IDENTIFIED ON | ) | |
| SCHEDULE A HERETO, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants Shenzhen Daeon Model Technology Co., Ltd., Shenzhen Aoxinfa Technology Co., Ltd., and Shenzhen Tianqinli Technology Co., Ltd. (collectively, the "Daeon Defendants") seek to compel the deposition of Michael A. Hierl, one of the attorneys from the law firm of Hughes Socol Piers Resnick & Dym, Ltd. representing Plaintiff Bigfoot 4x4, Inc. ("Plaintiff") in this case. *See* Daeon Defendants' Opposed Motion to Compel Compliance with Deposition Subpoena to Michael Hierl and Award Fees and Costs [ECF No. 142] ("Motion to Compel Deposition"). The Daeon Defendants say the declaration submitted by Mr. Hierl in support of Plaintiff's *ex parte* motion for a temporary restraining order ("TRO") at the outset of this litigation contains factual statements to the effect that "all the defendants would seek to evade enforcement if they knew of the proceeding." *See* Memorandum in Support of Motion to Compel Deposition [ECF No. 143] at 4. The TRO was entered against the Daeon

Defendants and others on December 5, 2022. [ECF No. 21]. The Daeon Defendants contend Mr. Hierl had no factual support for the statements in his declaration, specifically as to the Daeon Defendants, and seek to depose Mr. Hierl in support of the Daeon Defendants' abuse of process counterclaim. [*Id.*]

The Federal Rules of Civil Procedure do not exempt attorneys from being deposed. *See* Fed. R. Civ. P. 30(a)(1) ("[a] party may, by oral questions, depose *any person ...*") (emphasis added). Thus, "an attorney may be deposed, even if he or she represents a party to the litigation in issue." *E.E.O.C. v. Autozone, Inc.*, 2009 WL 29446, at *1 (C.D. Ill. Jan. 5, 2009) (internal quotation marks omitted). "Nonetheless, as a general matter, courts look 'disfavorably upon attempts to depose opposing counsel because such a deposition 'provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness.'" *See Am. Kitchen Delights, Inc. v. City of Harvey*, 2023 WL 5041373, at *2 (N.D. Ill. Aug. 8, 2023) (quoting *Friendship Vill. of Mill Creek v. Philadelphia Indem. Ins. Co.*, 2016 WL 3702680, at *2 (N.D. Ill. Jan. 6, 2016) (omitting additional internal quotations)).

The Court notes that Plaintiff relies on an Eighth Circuit test addressing when it would be appropriate to allow depositions of opposing counsel (*see* Response of Bigfoot, 4x4, Inc. to Motion to Compel Deposition [ECF No. 147] at 4-9 ("Plaintiff's Response")). That test, however, has not been adopted in the Seventh Circuit. *See Am. Kitchen Delights, Inc.*, 2023 WL 5041373, at *2. Nevertheless, pursuant to Federal Rule of Civil Procedure 26(b)(2), this Court generally must limit the

"frequency and extent" of discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2).

Here, Mr. Hierl did not do himself or his client any favors by filing the declaration he submitted in support of Plaintiff's request for a TRO. It was largely unnecessary for him to do so given that Plaintiff's President and Chief Executive Officer submitted a declaration attached to the complaint that contains almost all the purported facts and opinions contained in Mr. Hierl's declaration, though some of Ms. Trent's statements are caveated as based on her "information and belief." *See* Declaration of Ann C. Trent [ECF No. 11-1] ("Trent Declaration"). Whether or not it was wise in retrospect for Mr. Hierl to submit his own declaration in addition to Ms. Trent's, however, it does not, in the Court's view, open the door to the Daeon Defendants being allowed to depose Mr. Hierl as a fact witness in this case.

Looking specifically at Mr. Hierl's declaration, the first three substantive paragraphs merely quote from and identify research reports that are attached to the declaration and referenced in Plaintiff's *ex parte* motion for a TRO. No deposition is needed regarding such statements. Declaration of Michael A. Hierl [ECF No. 11-3] ("Hierl Declaration"). The reports speak for themselves and Mr. Hierl adds nothing to their substance. The remaining factual statements in paragraphs five through nine of the Hierl Declaration overlap significantly with statements made in paragraphs 13-16 of Ms. Trent's declaration which also was attached to Plaintiff's brief in support of a TRO. *See* Trent Declaration [ECF No. 11-1]; Hierl Declaration [ECF No. 11-3].

The Daeon Defendants deposed Ms. Trent and had an opportunity to examine her regarding these statements. According to Plaintiff, Ms. Trent testified Plaintiff had no evidence specific to the Daeon Defendants regarding any intent on their part to evade enforcement in this case. She conducted no research, and knows of nobody who did, about the statements in her declaration specific to the Daoen Defendants. *See* Daeon Defendants' Reply [ECF No. 159] at 3-4. Defendants contend this testimony strongly supports their abuse of process counterclaim against Plaintiff. *See* Reply in Support of Motion to Compel Deposition [159] at 4 (based on Ms. Trent's testimony, "Bigfoot had no reason to believe the Daoen Defendants were a threat to evade law enforcement – Bigfoot does not even appear to have been concerned about whether the claim was true or false. This is evidence that Bigfoot had an ulterior motive for acquiring an *ex parte* TRO.").[1]

The Daeon Defendants do not explain why Mr. Hierl's testimony under these circumstances is necessary to the prosecution of their abuse of process counterclaim against Plaintiff or proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1) and (b)(2). It is worth noting Defendants do not argue that Ms. Trent was relying on Mr. Hierl or the advice of counsel for anything she said in her declaration. Despite being given multiple opportunities during her deposition to identify Mr. Hierl or anyone else as the source of the statements she made in support of Plaintiff's

---

[1] The Daoen Defendants argue in their Motion to Compel Deposition as if Mr. Hierl's declaration was the only declaration submitted in support of Plaintiff's motion for a TRO but that is not the case, as they acknowledge in describing Ms. Trent's testimony in their Reply. *See* Memorandum in Support of Motion to Compel Deposition [ECF No. 143]; Reply in Support of Motion to Compel Deposition [159] at 4.

complaint, Ms. Trent did not do so. Rather, she testified that her statements were made in general and not with specific reference to any Schedule A defendant including the Daoen Defendants, and that neither she nor anyone else to her knowledge investigated those statements to see if they were true. *See* Exhibit A to Daeon Defendants' Reply [ECF No. 159-1]. Moreover, Defendants' counterclaim is pled against Plaintiff, not against Mr. Hierl or his law firm. *See* Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint [ECF No. 77] at 16-21. So, it is Plaintiff's knowledge and not Mr. Hierl's that is centrally relevant to the Daoen Defendants' counterclaim against Plaintiff, and Defendants already have made a record as to Plaintiff's knowledge through Ms. Trent.

For all these reasons, it is hard to see how Mr. Hierl's testimony is relevant to Defendants' counterclaim or proportional to the needs of this case within the meaning of Federal Rule of Civil Procedure 26(b) particularly given the higher burden the Daoen Defendants must meet to depose opposing counsel. *See Am. Kitchen Delights, Inc.*, 2023 WL 5041373, at *2. Instead, in the Court's view, allowing Defendants to depose Mr. Hierl under these circumstances would unreasonably and unnecessarily expand the scope of discovery in this case and impose an undue burden on him and Plaintiff particularly if doing so would put at risk Plaintiff's choice of trial counsel. Accordingly, the Court finds the Daeon Defendants have not met their burden to compel the deposition of opposing counsel, Mr. Hierl. The Court notes, however, that to the extent Plaintiff seeks to rely on testimony from Mr. Hierl in the future in response to any summary judgment motion or at trial on the Daeon Defendants'

5

abuse of process counterclaim, that would be inconsistent with the position it has taken in response to Defendants' Motion to Compel Deposition and might open the door to Defendants' deposing Mr. Hierl.

Plaintiff also moves to quash (within the body of its brief responding to the Motion to Compel Deposition, not in a separately filed motion) the Daeon Defendants' subpoena to Mr. Hierl on the ground that any testimony he could provide would invade the attorney client privilege or work product doctrine. *See* Plaintiff's Response [ECF No. 147] at 13-14). The Court is not convinced that is the case. As discussed above, Ms. Trent did not testify that she discussed her declaration with Mr. Hierl or, for that matter, that she discussed Mr. Hierl's declaration with him. But the Court need not address those issues since it finds that Defendants have not met their threshold burden of showing that Mr. Hierl's testimony is relevant and proportional to the needs of this case. Accordingly, Plaintiff's motion to quash embedded in its Response brief is denied as moot.

For all the above reasons, the Court denies the Daeon Defendants' Opposed Motion to Compel Compliance with Deposition Subpoena to Michael Hierl and Award Fees and Costs [ECF No. 142].

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge


Dated: April 1, 2024

6